CHABICA *v.* CHABICA.

DIVORCE—EXTREME CRUELTY—ALIMONY.

    Where record shows that husband was guilty of extreme cruelty,
    wife's testimony thereon being corroborated, decree of court
    below dismissing her bill for divorce is reversed, on appeal,
    and decree entered for her, and case remanded for settlement
    of alimony.

Appeal from Genesee; Brennan (Fred W.), J.
Submitted June 6, 1930. (Docket No. 67, Calendar
No. 34,969.) Decided October 3, 1930.

Bill by Katherine Chabica against Joseph Chabica
for divorce. Cross-bill by defendant. From decree
dismissing bill of complaint, plaintiff appeals. Re-
versed, and decree entered for plaintiff, and re-
manded for settlement of alimony.

*Louis D. McGregor* (*Harry G. Gault,* of counsel),
for plaintiff.

WIEST, C. J. Plaintiff appealed from a decree dis-
missing her bill for divorce, in which she charged
defendant with extreme cruelty consisting of acts of
personal violence, threats, and employment of
abusive epithets. Defendant, by answer in the na-
ture of a cross-bill, also asked for a divorce, but at
the hearing said his wife was a good woman and he
did not want relief.

The parties were married in January, 1922, sepa-
rated in December, 1928, have 2 children, a boy 6
years old and a girl 14 months of age. The testi-
mony of plaintiff shows acts of personal violence

such as striking, slapping, and pulling her out of bed by the hair. We think there is no occasion to further mention the particulars of defendant's conduct. Plaintiff's testimony is supported in important particulars by the testimony of several witnesses, and only refuted by general denial of the defendant.

We think plaintiff entitled to a decree of divorce and the decree, dismissing the bill, is reversed and a decree will be entered in this court granting plaintiff a divorce, with custody of the two children, costs of this court, inclusive of an attorney fee of $50, and an allowance of $8 per week, to be paid by the defendant toward the support of the children, and the case, on account of the unsatisfactory record on the subject, is remanded to the circuit court to take further proof relative to the property and earnings of defendant, and decree such alimony as may be just.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.